## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

JAMES WENDELL BROWN,

   Defendant.

Magistrate No. 12-0292
DAR

## MEMORANDUM OF FINDINGS OF FACT
## AND STATEMENT OF REASONS
## IN SUPPORT OF ORDER OF DETENTION

## I. INTRODUCTION

Defendant is charged by criminal complaint with knowingly receiving and distributing a visual depiction in interstate commerce, the production of which involved the use of a minor engaging in sexual explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). Criminal Complaint (Document No. 1). The undersigned conducted a detention hearing on April 23, 2012.[1]

Upon consideration of the proffers and arguments of counsel and the entire record herein, the undersigned ordered Defendant held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

## II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no

---

[1] At the hearing, Defendant, through counsel, waived the preliminary hearing, thereby conceding probable cause. *See* Waiver of Preliminary Examination or Hearing (Document No. 8).

condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). *See also United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996) ("If a defendant poses a danger to society, the Court has a sufficient basis upon which to order pretrial detention.") (citation omitted).

In instances in which pretrial detention is sought on the ground that there are no conditions of release that will reasonably assure the defendant's appearance, the government must show by a preponderance of the evidence that the defendant poses a risk of flight if released before trial. *United States v. Anderson*, 382 F. Supp. 2d 13, 14 (D.D.C. 2005) (Bail Reform Act provides for pretrial detention "if the government establishes by a preponderance of the evidence that the defendant is likely to flee before trial if released and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.") (citations omitted).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the

United States v. Brown                                                                3

community arises if the judicial officer finds that there is probable cause to believe that the

defendant committed an offense involving a minor victim under section 2252(a)(2) of Title 18.

*See* 18 U.S.C. § 3142(e)(3)(E).

### III.  DISCUSSION

Both counsel proceeded by proffer.  Counsel for the government, incorporating the

Statement of Facts in support of the criminal complaint (*see* Document No. 1-1), proffered that

Defendant, through the use of a screen name as part of an online social network site (frequented

by individuals that have a sexual interest in children), engaged in several chats with a

Metropolitan Police Department detective operating in an undercover capacity.  Counsel for the

government further proffered that these chats commenced on March 5, 2012 and concluded on

March 27, 2012.  *See* Government's Exhibits 1, 2, and 3 (Transcript of the chats between

Defendant and undercover police officer).  Counsel for the government proffered that sexual

activity with female minors were the subject of these conversations, which included discussions

regarding prospective contact with minors.  Counsel for the government proffered that during the

course of the conversations with the undercover officer, Defendant sent four images depicting

sexual activity with female minors.  Furthermore, counsel for the government proffered that

Defendant admitted having sexual contact with his granddaughter and his daughter, and made

reference to the court proceedings that ensued.  Counsel for the government also proffered that

Defendant's reference to court proceedings was later corroborated through an investigation by

members of the FBI Child Exploitation Task Force.  Counsel for the government further

proffered that a forensic screening of Defendant's computer revealed searches of internet

websites pertaining to female minors.

United States v. Brown                                                                                          4

     Defendant, through counsel, with respect to the weight of the evidence, argued that there was no evidence of any actual contact with minors.  With respect to conditions of release, Defendant proffered that he has family support, and requested that he be released on the condition of home confinement with 24-hour electronic monitoring.

## IV.  FINDINGS OF FACT

     Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.

     First, the nature and circumstances of the offense charged indicate that Defendant was engaged in a conversations with an undercover police officer about sexual activity with female minors, and transmitted pornographic images during the course of said conversations.

     Second, the undersigned finds that the weight of the evidence against Defendant is virtually overwhelming.

     Third, Defendant's history and characteristics militate against pretrial release.  The undersigned has taken into account the proffer regarding Defendant's ties to the community and the support of some members of his family; however, the undersigned finds that those considerations are outweighed by the accusations that Defendant sexually assaulted other family members.

     Finally, the undersigned is satisfied that the toll which sexual abuse of minors has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that the evidence of Defendant's 22-day chat; and his possession and

transmission of images depicting sexual activity with minors, and the prior court proceedings

regarding alleged sexual activity with his granddaughter and daughter, all indicate that

Defendant's release would pose a grave danger to the community.

The undersigned has carefully considered the evidence proffered on Defendant's behalf,

and finds that it is insufficient to rebut the applicable presumption of dangerousness.  *See United*

*States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).


## V.  CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without

bond pursuant to the April 23, 2012 Order of Detention.


                                                                    /s/
                                                        DEBORAH A. ROBINSON
                                                        United States Magistrate Judge


May 29, 2012
DATE

April 23, 2012
NUNC PRO TUNC