UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 12-155(RJL) |
| v. | : | |
| JAMES WENDELL BROWN | : | |
| Defendant. | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following responsive memorandum to assist the Court in issuing an appropriate sentence in this case. The government is filing this Response in order to address the issues related to the Federal Sentencing Guidelines set forth in the defendant's memorandum.

The defendant, in his memorandum, asks this Court to reject the child pornography guidelines as a reasonable basis for determining his sentence. The government submits that, while there may be eventual changes to the guidelines, Congress has yet to provide any indication of its views, including whether any particular Specific Offense Characteristic (SOC) should be eliminated. Unless and until the entire guideline is modified, cherry-picking one particular SOC as inapplicable without considering its relationship to the rest of the guideline and the base offense level is inappropriate. Indeed, the 2G2.2 base offense level was purposefully set lower to account for the frequent application of certain SOCs including the use of a computer SOC. *See USSC 2009 History of the Child Pornography Guidelines Report*, at 44-47. For example, if a Court is inclined to ignore the use of a computer SOC, then it should augment the base offense

1

level accordingly. Again, if and when Congress makes changes to the guidelines, those changes would not likely simply eliminate certain SOCs without replacing them with arguably more relevant SOCs which would better distinguish among and between more or less culpable offenders. For example, while Congress (or a Court) may conclude that it is inappropriate to enhance for the use of a computer, it may be very appropriate to enhance for offender sophistication if the offender used encryption, or to enhance for an offender's participation in an online community, such as a bulletin board (as the defendant did in this case).

In addressing the individual SOCs that have been applied in this case, the government submits that they are all applicable and address this defendant's specific conduct. The defendant essentially argues that the child pornography SOCs, particularly those applied in this case, apply to almost every defendant and, therefore, it follows, that the Court should discount or ignore them in fashioning a sentence. The government disagrees as it pertains to each of the SOCs at issue in this case.

(1) **Use of a Computer (two level enhancement)**: While the government acknowledges that the use of a computer SOC is applicable to the vast majority of child pornography offenses, unless and until Congress replaces this SOC with others that take into account factors such as (a) *communication/group membership* which would account for offenders, such as this defendant, who communicated or associated with a others concerning the sexual exploitation of children on predicated social network sites and chatrooms; (b) *duration of conduct* which would account for offenders, like this defendant, who have been involved with the sexual exploitation of children over a long period of time; and (c) *offender sophistication* which would

account for offenders who have use technology to evade detection by law enforcement.

(2)  **Distribution (two level enhancement)**: The government believes that this SOC should increase the guideline range for offenses, like this one, that involved distribution rather than possession of child pornography.  I believe that the defendant concedes this enhancement.

(3)  **Sadistic or masochistic conduct or other depictions of violence (four level enhancement) and Material involved a prepubescent minor or minor below the age of 12 (two level enhancement)**: The government believes that this SOC should increase the guideline range based on the severity of images in the case and the age of the victims depicted in those images.  The fact that images have become more violent and the victims portrayed in those images have become younger is not a reason to ignore these SOCs.  To the contrary, there are many cases with images that do not depict very young children engaged in sadistic acts and those defendants should be treated differently.  There are many cases that involve images of preteens in lascivious poses, but this defendant sought out images that depicted young children engaged in sexual acts.  Of the three images that he distributed, two of those images rise to that level.  This defendant has an obvious interest in very young children and violent penetration.  Simply because there are more images of violence and that the victims are seemingly getting younger and younger does not mean that such images should be accepted by society or the Court.

(4)  **Pattern Of Activity:** Finally, the defendant, in this case, concedes that the five

point enhancement for pattern of activity does apply.

Despite the above discussion, and the onslaught of arguments about the relevance and applicability of the non-production child pornography guidelines (USSG Section 2G2.2), the government would submit that in this case the Court need only look to the defendant's conduct in determining a just and reasonable sentence. When the Court looks to the factors set forth in 18 U.S.C. Sections 3562 and 3553(a) the Court will consider the need for the sentence imposed (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) to afford adequate deterrence to criminal conduct, (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

The government would submit that in this case the guidelines – 151 to 181 months – account for the factors set forth in Section 3553. In assessing the 3553 factors, particularly the goals of reflecting the seriousness of the offense and the protection of the public, 151 months is an appropriate sentence in this case. The defendant engaged in a lengthy and graphic chat with the undercover officer during which, in his most honest moments, he talked openly about sexually abusing his granddaughters. During the course of that chat the defendant distributed three images of child pornography. Those images included: (1) a close-up view of a female vagina that appears to be of a child under the age of 18; (2) two prepubescent female children masturbating an adult male penis; and (3) two prepubescent female children, both nude with an adult male, with one performing oral sex on the adult male's penis and the other kissing the adult male on the mouth. While, there are only three images involved in this case, these images

involve prepubescent children engaged in sexual acts.  The fact that there were only three images distributed is also accounted for in the fact that the defendant is not subject to the SOC for number of images.

This case is unique from any of the cases cited by the defendant in that the defendant acknowledged, both in the chat with the undercover officer, and in the plea agreement in which he agreed that the government could prove prior hands-on offenses by clear and convincing evidence, that he has sexually abused real children.  This defendant engaged in serious conduct and, has been operating as child predator for years despite his criminal record.  He presents a grave danger to the community and should be sentenced accordingly.

Finally, it should be noted that the government is allocuting to the low end of the guidelines not because the government believes that any "low end" sentence is appropriate in this case or because the government believes that it would be reasonable for this Court to sentence below the guidelines.  The government recommends 151 months because it is a just and reasonable sentence based on the factors discussed above as well as the fact that the defendant accepted responsibility in this case.  If the defendant had not pled guilty and accepted responsibility, the government would be asking for a much higher sentence.

Based on the totality of the circumstances in this case, taking into account the 3553 factors, the sentencing guidelines, and the fact that the defendant pled guilty and accepted responsibility, the government asks this Court to sentence the defendant to a period of 151 months incarceration.

                                        RONALD C. MACHEN JR.
                                        United States Attorney

BY:   /s/_____
        ARI B. REDBORD
        Assistant United States Attorney
        D.C. Bar 476998
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-7018