U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

April 29, 2013

By Electronic Mail

Lara Quint, Esq.
Shelli Peterson, Esq.
Assistant Federal Public Defenders
625 Indiana Avenue, Suite 550
Washington D.C.  20004

# FILED

## JUN 1 9 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Re:     <u>United States v. James Wendell Brown</u>
         *Case No. 12-155(RJL)*

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, James Wendell Brown, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### <u>Charges and Statutory Penalties</u>

1.      Your client agrees to plead guilty to one count of Distribution of Child Pornography in a criminal Information, a copy of which is attached, in violation of 18 U.S.C. § 2252A(a)(2).

2.      Your client understands that pursuant to 18 U.S.C. § 2252A(b)(1), the charge carries a maximum sentence of 20 years of imprisonment (with a mandatory minimum of 5 years imprisonment), a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made and a supervised release term of between 5 years and life pursuant to 18 US.C. § 3583(k). In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Further, your client understands that if your client has two or

more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

3.    In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.  In addition, the United States' Attorney's Office for the Eastern District of Virginia agrees not to prosecute your client for the offenses of possession and/or receipt of child pornography, however it does not preclude the U.S. Attorney's Office for the Eastern District of Virginia from prosecuting the offense of production of child pornography should such evidence be found during the search of your client's seized computers.  Moreover,  the Commonwealth Attorney for Fauquier County, Virginia agrees not to prosecute your client for the offenses of possession or receipt of child pornography in connection with materials found during the search of your client's seized computer and further agrees not to prosecute your client based on allegations of child sexual abuse made by the defendant's daughter or grand-daughters as set forth in the Statement of the Offense.

**Factual Stipulations**

4.    Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty.  It is anticipated that prior to or during the plea hearing, your client  will adopt and sign the Statement of the Offense as a written proffer of evidence.

**Sentencing Guidelines**

5.    Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2011 (hereinafter "Sentencing Guidelines" or "U.S.S.G").  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following.  However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.

A.    **Offense Level under the Guidelines**

**Section 2G2.2**

Estimated Base Offense Level                                                          22

Applicable Specific Offense Characteristics

2G2.2(b)(2) offense involved prepubescent minors or minors under 12    + 2

2G2.2(b)(3)(F) distribution other than described in A through E            +2

2G2.2(b)(6) offense involved the use of a computer                         + 2

| | |
|---|---|
| 2G2.2(b)(5) offense involved pattern of activity involving the sexual abuse or exploitation of a minor | +5 |
| **Acceptance of Responsibility** | -3 |
| **Total** | **30(97-121 months)** |

**B.   Adjustment for Acceptance of Responsibility:**   Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and that your client's base offense level is 16 or greater, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

**Agreement as to Sentencing Allocution**

8.     The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, § 3553(a).  However, the parties agree that your client may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of the Guidelines range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, § 3553(a).

9.     Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G., § 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G., § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

10.     In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues.  Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.  In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under § 5K1.1 of the Sentencing Guidelines, or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

3

**Court Not Bound by the Plea Agreement**

11.    It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues.   In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**Court Not Bound by the Non-Mandatory Sentencing Guidelines**

12.    It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range.   The Government cannot, and does not, make any promise or representation as to what sentence your client will receive.   Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

**Restitution**

12.    Your client understands that in addition to the other penalties provided by law, pursuant to 18 U.S.C. §§ 2259 and 3664, it is mandatory that the Court order your client to make restitution for the full amount of any victim(s)' compensable losses.   Because the government may not yet have identified all victims of your client's crime or know whether restitution will be requested, your client understands that the government will request that the Court order restitution for any identified victim for the full amount of his/her losses that were caused by your client's crime that is the subject of this plea agreement.

13.    Your client understands that an unanticipated request for restitution by a victim(s) or an unanticipated amount of a restitution ordered by the Court will not serve as grounds to withdraw your client's guilty plea.   Your client also understands that the Court may not decline to order restitution because of your client's economic circumstances or the fact that the victim(s) have, or may be entitled to, receive compensation for any losses from any other source. Restitution is payable immediately at the time of sentencing unless ordered otherwise by the Court.

14.    Your client further agrees to identify all assets over which he exercises control, directly or indirectly, (or has exercised such control, within the past five years).   Your client also agrees to identify all assets in which he has or had during that time any financial interest.   Your client agrees to take all steps as requested by the Government to obtain from any other parties by

any lawful means any records of assets owned at any time by your client and to provide and/or consent to the release of your client's tax returns for the previous five years.

### Forfeiture

15.     The United States of America and the defendant hereby agree that the following computers, computer media, computer peripherals, and other items seized from the defendant on March 27, 2012, and currently in the custody and/or control of the Federal Bureau of Investigation were properly seized and were involved in or used in violation of Federal law by defendant:

        A.     Toshiba Satellite A-665 laptop, S/N: 9A022382K
        B.     HP Hard Drive Enclosure S/N: WCAV5C664412
        C.     Kingston 1GB USB Drive

The defendant agrees that such items are subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of that property by the United States. As such, the defendant hereby relinquishes all claim, title, and interest he has in the above-referenced property to the United States of America and agrees not to oppose any civil, administrative, or judicial forfeiture of the property. In addition, defendant acknowledges that the government is continuing to analyze other items seized as part of this case on March 27, 2012.   He agrees that, if the analysis determines that those items are forfeitable, he will not contest forfeiture or destruction by the government by any means it chooses and at any time.   The defendant knowingly and voluntarily waives any right to timely notice provided for in 18 U.S.C. Section 983. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in such property and consents to its destruction by the law enforcement agency.

### Waiver of Rights

16.     In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.   Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

17.     Your client is aware that federal law, specifically 18 U.S.C. § 3742, affords your client the right to appeal the sentence in this case.   Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge.   Knowing that, your client waives the right to appeal his

sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).   Further, your client reserves the right to make a collateral attack upon your client's sentence pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him.   In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court.   Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

**Release/Detention**

18.     Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case and that if a term of incarceration is imposed that he will not seek to be released after sentencing.

**Sexual Offender Registration**

19.     Your client acknowledges and agrees that pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C   § 2250, 42 USC   §§ 16911(2), 16915(a)(1), he is required to register as a sex offender for a minimum period of 25 years and to keep the registration current in jurisdictions where he resides, where he is employed and where he is a student. He understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he will be employed or a student, among other information. Your client understands that should he knowingly fail to comply with his obligations under the Sex Offender Registration and Notification Act, pursuant to 18 U.S.C. Code § 2250, he could be prosecuted for the offense of failure to register and subject to a term of up to ten years imprisonment, a fine or both. He further understands that compliance with the requirements of the Sex Offender Registration and Notification Act is a specific condition of supervised release pursuant to 18 U.S.C. § 3583 and that failure to comply with his obligations under the Act could subject him to revocation of supervised release in addition to prosecution for the felony offense of failure to register.

**Breach of Agreement**

20.     Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement.   In the event of such a breach:   (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

21.     Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.   Your client knowingly and voluntarily waives the rights which arise under these rules.

22.     Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence.   Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

23.     Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement.   Your client   understands and agrees that the Government reserves the right to prosecute your client for any such offenses.   Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement.   However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**

24.     It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any

counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution.   It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Complete Agreement

25.     No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

26.     Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, federal, or military prosecutor. Specifically, it does not preclude the U.S. Attorney's Office for the Eastern District of Virginia from prosecuting the offense of production of child pornography should such evidence be found during the search of your client's seized computers.

27.   If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

RONALD C. MACHEN JR.
United States Attorney

BY:     _____

ARI B. REDBORD
Assistant United States Attorney
D.C. Bar 476998
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7018

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorneys Lara Quint and Shelli Peterson, Esquires.   I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound.   No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully.   I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.   I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: _6/19/2013_

James Wendell Brown
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully.   These pages accurately and completely sets forth the entire Plea Agreement.   I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: _6/19/2013_

Lara Quint, Esquire
Shelli Peterson, Esquire
Attorney for the Defendant

9