**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 12-155 (RJL) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES WENDELL BROWN | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT JAMES BROWN'S SUPPLEMENTAL MEMORANDUM**
**IN AID OF SENTENCING**

Defendant James Wendell Brown, by and through his counsel, Barbara E. Kittay, Esquire, hereby submits a supplemental memorandum in aid of sentencing, respectfully asking this Court to incorporate the prior memorandum submitted by the Federal Public Defender (FPD), on June 20, 2013, as modified and supplemented herein, and states as follows:

### I.  Background

First, we would like to assure this court that the defendant -- who pleaded guilty early, accepted responsibility, and has always cooperated fully in his prosecution -- does *not* ask for *any less* time than he knows that he fully deserves for the full range of his conduct.  *He simply asks for no more* than that which the guidelines and the case law recommends*.

Factually, and as the court is well-aware, the defendant pleaded guilty, on June 19, 2013, to one count of distribution

of child pornography.  But he was arrested long before, and has been incarcerated continuously since March of 2012.  Because the facts underlying his conviction have been fully set forth in the pre-sentence report (PSR) and in the original sentencing memorandum (filed by FPD), they are not repeated here.

As this Court is also aware, the matter is back, because on December 15, 2015, the Court of Appeals vacated the defendant's original sentence and remanded for resentencing.  *See United States v. James Wendell Brown*, No. 13-3062, slip op. at 18 (D.C. Cir., Dec. 15, 2015).

## II. <u>The Defendant Respectfully Requests a Sentence in the Range of 97-121 Months</u>

### A.   <u>The Sentencing Range</u>

At the original sentencing hearing held on June 26, 2013, the parties, the Department of Probation, and this court agreed that the offense level specified by the U.S. Sentencing Guidelines (USSG) for the defendant's conduct is level 30, which, with his zero criminal history score, sets a sentencing range of **97 to 121 months.**  This range took into account the following specific offense characteristics and adjustments:

| | |
|---|---|
| **Base Offense Level (USSG §2G2.2):** | **22** |
| Material involving children under 12 (USSG §2G2.2(b)(2)) | +2 |
| Distribution of child pornography (USSG §2G2.2(B)(3)(F)) | +2 |

| | |
|---|---|
| Pattern of activity involving abuse (USSG §2G2.2(b)(5)) | +5 |
| Use of a computer (USSG §2G2.2(b)(6)) | +2 |
| Acceptance of Responsibility (§3E1.1(a)+(b)) | -3 |
| **TOTAL OFFENSE LEVEL:** | **30** |

Consistent with the plea agreement, the government recommended a sentence at the low end of the 97 to 121 months range.

On June 26, 2013, this court sentenced the defendant above the advisory guideline range to 144 months, based on its concern, then, that the sentencing guidelines range did not adequately address the *combination* of factors present in this case, namely, interstate transmission of child pornography, solicitation of victims on the Internet, and a history of abuse of minor children.  At the outset, therefore, we ask this court to consider anew, that the calculation of the characteristic factors, each -- addressed individually -- is significant without a multiplier addition, based only on combination.  We ask the Court to conclude, instead, that the individual adjustments and enhancements provided in the guidelines do, indeed, address in combination and cumulatively, all of the various, concerning behaviors.[1]

---

[1]   We ask the court to consider, too, that nowhere else in the Guidelines does it typically impose a multiplier based on the presence of multiple specific offense characteristics.  For

Examined individually, the factors each did, indeed, add significant time to the defendant's punishment:  for example, had the defendant appeared before this court for sentencing on the child pornography count alone (without consideration of his pattern of conduct with minor children) his adjusted advisory guideline range would have been **57-71 months** (level 25).[2]  But a five-level enhancement for that pattern of conduct nearly doubled the low end of the guideline, and extended the high end by 50 months.  This enhancement is meant to –- and does –- take into account the court's concern that the defendant has accomplished a "benefit" from the declination of the Virginia authorities for his conduct there.

Five levels, under our federal sentencing guidelines, is a significant enhancement.  The defendant, by accepting responsibility for the Virginia conduct here, saved the government significant resources; moreover, he saved the affected children the trauma and distress of coming forward to testify in an additional prosecution.  The use of his computer

---

example, we do not imagine that the Court regularly sees fit to further enhance a fraud sentence where the guidelines have already addressed such combined factors as high monetary loss, breach of a position of trust, and use of a computer.

[2]   Of course, the court could not impose a sentence of less than **60 months,** because the statute of conviction carries a mandatory minimum, under 18 U.S.C. §2252A(b)(1).

added an additional two levels -- or his range might have been
even lower.

But more to the point, a sentence within the range is
consistent with the body of case law addressing very similar
conduct.  In *United States v. Angle*, for example, the Seventh
Circuit Court of Appeals challenged a trial court's imposition
of time additional to the same five-level adjustment, which had
been based on the trial court's concern, just like here, that
the defendant had avoided of parallel prosecution in another
jurisdiction.  "This sort of double-counting is permissible
under the guidelines but only if the pattern-of-activity
adjustment does not adequately take account of the seriousness
of the defendant's conduct."  *See United States v. Angle*, 216 F.
App'x 557, 561 (7th Cir. 2005), *citing* USSG §2G2.2, Application
Note 7.[3]  Here, we ask the court to appreciate that the
imposition of the five-level §2G2.2(b)(5) adjustment nearly
doubled the government's low-end range; and the court's sentence
more than *doubled* the sentence he could have received without
the adjustment.[4]

---

[3]   Cited in *Angle* as comment 6, the comment was re-numbered in
the USSG 2009 edition as "Application Note 7."

[4]   Defendant's counsel's comparison, here, is between a sentence
in the **57-71 range** (without a "pattern" enhancement), and this
court's original sentence of 144 months.  Of course, alternate
comparisons include the difference between the adjusted
guideline range accepted by the parties and the Probation

Unlike here, the type of conduct reflected in the reported cases that justify both a "pattern-of-conduct" *and* an upward departure, involve extensive or particularly depraved sexual conduct, or a breach of a position of trust beyond that of a family member.  *See*, *e.g. United States v. McCaffrey*, 437 F.3d 684, 689 (7th Cir. 2006) ("unique" circumstances proven, where a priest "sexually molested dozens of children on hundreds of occasions over the course of decades, and where the abuse was aggravated by [the defendant's] exploitation of the trust families placed in him as a clergyman"); *United States v. Johnson*, 427 F.3d 423, 424 (7th Cir. 2005) (defendant had acquired an "astonishing 10,000 to 12,000 computer images [including] 174 images of sadistic sexual acts and 42 of bestiality involving children").[5]  *Cf. United States v. Ohlinger*, 141 F. App'x 470, 472 (7th Cir. 2005) (upward departure appropriate where "defendant's criminal history is significantly

---

Department (which includes the pattern enhancement) of **97-121 months**, above which this court departed by nearly *four years* (at the government's recommended low-end) and by nearly two years (at the high-end).

[5]   The court's explanation, in *Johnson*, included the observations of an FBI agent and postal inspector that "the images of sadistic sexual acts included images of children under the age of ten being tied up and forced to have oral, genital and anal sex with adult males [and] images of bestiality [that] depicted young children, sometimes bound, engaging in acts of intercourse and oral sex with dogs."  *Johnson,* 427 F.3d at 424. The trial judge characterized the evidence as "the most shocking he had seen in sixteen years on the bench" (*id*.).

more serious than most defendants in the Criminal V area,"
because it did not adequately reflect convictions for child
molestation in 1981 and 1983, and a complaint in 1987).

On the other end of the spectrum are cases with fact
patterns more similar to that of the defendant here, with
sentences in the range of **63 to 78** months, and no upward
departures imposed.  *See e.g., United States v. Lucero*, 747 F.3d
1242, 1251 (10th Cir. 2014) (78 months appropriate for uncle who
abused two nieces); *United States v. Gawthrop*, 310 F.3d 405, 414
(6th Cir. 2002) (70 months appropriate for a grandfather who
molested his daughter and later, his 3-year old granddaughter,
all but 55 months of which was to be served concurrent with his
81-month state sentence for abusing the granddaughter).

Which brings us back to *United States v. Angle*, *supra*, 216
F. App'x at 557, the case in which the enhancement was applied
for three past incidents (including at least one involving the
molestation of the defendant's nephew), and in which the Seventh
Circuit contrasted egregious cases like the priest in *McCaffrey*,
with cases involving what it called "sexual exploitation of
children generally":

> Although Angle was related to one of his victims, he
> is not comparable to a priest who uses his religious
> position to hide his activities.  The district
> court has also not suggested that there is anything unusual
> about the incidents that makes them more egregious
> than sexual exploitation of children generally.  The
> district court may not use these incidents to support

an above-range sentence on remand unless it gives a detailed explanation of why it thinks they were not sufficiently accounted for by the §2G2.2(b)(5) adjustment.  For our part, however, we do not see anything in this record … to suggest that these incidents were so serious that they could justify both a §2G2.2(b)(5) adjustment and a sentence significantly above the guideline range.

*Id*. at 561.

We ask this Court to re-consider its earlier position, and to look with favor at the Seventh Circuit's analysis.  We believe that the five-level enhancement that the defendant accepted is significant and sufficiently harsh.  The defendant certainly does not seek to minimize his conduct involving his granddaughter; he simply and humbly asserts that serious behavior such as his merits an adjustment for "pattern of activity involving the sexual abuse or exploitation of a minor," under §2G2.2(b)(5), *and no more*.  Bad though it may be, there is little about the defendant's behavior that separates him from offenders generally; the volume or content of the three images that he transmitted does not take him above the heartland of child pornography cases; he is to be punished by a mandatory minimum of five years; and there is nothing in his past that suggests that his criminal history is underrepresented in a sentence within the advisory guidelines range of **97 to 121 months**.

### B.  __The Defendant's Accomplishments While Incarcerated__

The defendant has been a model prisoner, since his designation and transfer to the Bureau of Prisons, three years ago.  He will present, at his sentencing hearing, certificates and other records, demonstrating his continuous employment (with commendation), his participation in a Veteran's Support Group, and his completion of courses of study in Life Skills, Custodian Management, Commercial Driver's License Training, Building Construction Technology, and Industrial Safety and Health.

The defendant took this responsibility for self-improvement long before he knew he would be given an opportunity to re-address this Court.  Indeed, when told that he would be transferred out of the Rivers Correctional Institution for this re-sentencing hearing, the defendant expressed concern about the ill-effect of interrupting an employment assignment at which he has been successful, and counselling programs in which he flourishes.  The defendant assures this Court that he will continue his efforts at self-improvement, during his continued confinement and beyond; moreover, he hopes that he has earned, by his efforts during the last three years of confinement, some small measure of the Court's confidence that he can safely return to the community.

The defendant most respectfully asks this Court to sentence him within the guidelines range, so that he may complete his

sentence without any further appeal, return home to his elderly parents, and prove that he is capable of conducting himself responsibly in the community.

* * * * *

WHEREFORE, the defendant requests (without opposition) that the Court impose a sentence in the range of 97 to 121 months.

Respectfully submitted,

/s/

Barbara E. Kittay
D.C. Bar Number 414216
11140 Rockville Pike
Suite 100-284
Rockville, Maryland  20852
(301) 468-1817
bkittay@verizon.net

## Certificate of Service

I hereby certify that on May 19, 2016, a copy of the foregoing memorandum was served on counsel for the government, Asst. U.S. Attorney Ari Redbord, through the ECF filing system.

/s/

_____
Barbara E. Kittay